Gholson, J.
It is claimed, on behalf of the plaintiffs in error, that the finding of the district court, that the allega *6 tions of the original petition are true, must be rejected, and that upon the other findings the judgment can not be sustained. The original petition, it is argued, was disposed of by a demurrer in the court of common pleas, and an amended petition filed, containing the entire cause of action, to which there was an answer — such amended petition and answer being the only pleadings properly before the district court, and to.the allegations in which its findings must be limited.
It is not denied that the district court might, had an application for the purpose been made, have reheard the demurrur to the original petition, but no such application having been made, it is claimed, that the original petition should have been regarded as disposed of, and not properly a part of the pleadings in the trial of the issue. The amended petition, not merely supplying by an additional statement a defect in the original, but being a re-statement of the whole cause of action, and in its character a substitute for the original, strictly and regularly, this view taken for the plaintiffs in error is correct. It would have been proper in stating the issue presented to the district court for trial to have referred only to the amended petition and the defense not disposed of by the demurrer. But the original petition, though disposed of, still constituted a part of the record, and if the journal entry in the district court, fairly construed, shows, that it was referred to for the purpose of more conveniently stating the conclusions of the court, it would be exceedingly technical to say, that such reference might not be made.
The amended petition contained all the substantial allegations found in the original; and it was certainly competent for the district court to hold and decide, that those allegations, if established in testimony, independent of the additional statements in the amended petition,- entitled the plaintiff to a judgment. The decision on the demurrer to the original petition would not have bound even the court of common pleas to hold otherwise. A demurrer is filed to a petition containing a statement of facts. The court thinking that one or more additional facts are necessary to constitute a cause of action, sustains the demurrer and permits an *7 amendment introducing those facts. The case when tried stands as if the petition had originally contained those fa'cts, and the court is at liberty, if, upon further argument and consideration, they are deemed unnecessary, so to decide. In this view, the district court may have intended, by referring to the original petition, to say, that, while the allegations in the amended petition as an entirety were untrue, that portion of them contained in the original petition were true.
But the plaintiffs in error are not in a position to require us to construe and reconcile what are claimed to be the findings of the district court. The journal entry substantially shows a finding of the issue for the plaintiff, and the inconsistency is in the statement of the grounds or reasons for that finding. To remove any doubt, the bill of exceptions expressly states, “ that the court found said issue in favor of said plaintiff.” There being then, a general finding for the plaintiff, section 280 of the code declares, that “ Upon the trial of questions of fact by the court, it shall not be necessary for the court to state its finding, except generally, for the plaintiff or defendant, unless one of the parties request it,.with the view of excepting to the decision of the court upon the questions of law involved in the trial; in which case the court shall state in writing the conclusions of fact found, separately from the conclusions of law.” Yery certainly this was not done, or intended, by the court or the parties. The entry not only fails to show such a statement as the code contemplates, but there is no exception either to the form of the entry, or to any conclusion which it contains. It was not prepared with a view to an exception, and there was no exception. A party against whom an issue is found, can not stand by when the journal entry is made, make no objection to its form, and afterward seek to avail himself of inaccuracies or inconsistencies in the statement of the steps by which the court reached its conclusion, a statement which the law declares unnecessary, Avhen no exception is proposed.
Journal entries, Avhen the court is not called upon to make special findings Avith a view to any exception, are frequently loosely draAvn, and do not always set forth fully and accu *8 rately the predicate of the judgment. It would be unfair to the court and unjust to the party, in whose favor the judgment was entered, to allow the other party, without an effort to correct the entry, or an endeavor to point out the mistake, and without exception, to allege error in an appellate court. In such a case it is certainly sufficient, if the record substantially shows, all that the law requires, a general finding of the issue for the plaintiff and the proper judgment thereon.
The plaintiffs in error have the less right to complain of the failure of their objection to the form of the entry, as, by a bill of exceptions showing all that occurred on the trial, they have secured a full inquiry into the merits of the case. To no part of the evidence offered was any objection interposed on the ground of a want of relevancy or accordance with the allegations in the pleadings. Nothing is left but to inquire whether the evidence was sufficient to sustain the finding of the court. In this connection it may be observed, that a variance between-the allegation and proof is not material, unless the allegation to which the proof is directed is .unproved in its general scope and meaning, and not in some particular or particulars only. Code, secs. 131, 132, 133. — - Within this rule, supposing the plaintiff to have been confined to the amended petition, under the allegation in it that the defendants had entered into a recognizance and that it had been forfeited before the court of common pleas of Licking .county, whether the proof was by a written recognizance filed in the clerk’s office with a forfeiture indorsed, made by statute equivalent to a record, or by entries on the journal of the court, could not be regarded as material. It was substantially the same claim, is so shown to be by the bill of exceptions, and a party who makes no objection on the ground of variance, can not be heard to say that there ought to have been an amendment. The materials for the amendment being on the record, as to him it will be regarded as actually amended.
In either view of the law, then, as to the form in which a recognizance may be taken and forfeited before the court of common pleas, the plaintiff in the action may recover, if a *9 compliance with it has been shown. The state of the law on the subject has been rendered a little uncertain by the reenactment, 12th March, 1853, of 'the act of the 8th March, 1831, which had been superseded by the act of 25th February, 1848. The act of 12th March, 1853, does not repeal the act of 25th February, 1848, but has been supposed to supersede it, in whole or in part. (State v. Wert, 3 Ohio St. Rep. 509, 520; 2 S. and C. Rev. St. 1192, 1193, note.)
By reference to the act of 8th March, 1831, it appears that its subject matter was, recognizances returned to the court of common pleas, by a justice of the peace or other officer authorized to take such recognizances. The act in no manner affected recognizances tajeen before the court of common pleas. It is very probable that a doubt arose whether the act applied only to recognizances returned forfeited, and not to recognizances which required the appearance of parties before the court of common pleas. The act of 25th February, 1848, in direct terms, embraced recognizances forfeited in the court of common pleas, whether taken before such court, before a judge of any court of the state, or before any justice of the peace, and also to recognizances declared forfeited by a justice of the peace and returned into the court of common pleas, providing that it should not be necessary ■ to make any minute of such forfeiture or of such return, but only a memorandum of the forfeiture in court, or of the date of the return of the justice, upon the back of the recogniz anee, to be attested by the signature of the clerk. And, thereupon, the act declared that the recognizance and the forfeiture should be deemed to be of record in the court. The act then proceeds, in conclusion, to provide for another subject matter — the taking recognizances during the session of the court, declaring that££ it shall not be necessary to enter upon the journal of the court, any recognizance which shall be taken during the session of the same, but every such recognizance shall be deemed valid in law, if taken in open court, and attested by the clerk of the court.”
. The act of 12th March, 1853, re-enacted the act of 8tb March, 183l, and there being no express repeal of the aci *10 of 25th February, 1848, the question arises, how far it is to be regarded as still in force. If the act of 12th March, 1853, is to be regarded as an amendment of the act of 25th February, 1848, then, under the provision of the constitution, it should have been repealed. The failure to do this does not, we think, have the stringent effect claimed by the counsel for the plaintiffs in error; but if it had, the consequence would be different from what he supposes. It would annul not the act of 25th February, 1848, but the act of 12th March, 1853, in the enactment of which the failure to comply with the direction of the constitution occurred. It is rather to be presumed that what the legislature intended was not strictly an amendment, but rather the withdrawal from the operation of the act of 25th February, 1848, of a part of the subject matter upon which it operated. It is certainly obvious, that the act of 12th March, 1853, can only repeal or supersede the act of 25th February, 1848, so far as they affect a common subject matter; and according to well established principles, if both can stand together by any fair construction, then both are to have their appropriate effect and operation. As before stated, the act of 8th March, 1831, re-enacted by the act of 12th March, 1853, did not embrace, as any part of its subject matter, a recognizance taken before the court of common pleas, either with respect to the taking or the forfeiture of such a recognizance, whereas the express provisions of the act of 25th February, 1848, did. With what propriety, then, can it be claimed, that as to this subject matter, the act of 12th March, 1853, repealed or superseded the act of 25th February, 1848? We think it did not; and as we have before us a recognizance taken before a court of common pleas during a session of the same, both its taking and forfeiture are governed by the act of 25th February, 1848; and the proceeding in both particulars appears to have been in conformity with that act.
In sustaining the recognizance and its forfeiture upon this ground, we do not desire to be understood, that the act of 25th February, 1848, excludes the other mode of taking and forfeiting a recognizance. That it does not, is the basis of *11 an argument offered by the counsel foi; the plaintiffs in error, who claims, that although it may be sufficient to take the recognizance and enter the forfeiture as provided in the act of 25th February, 1848, still if an entry be also made of the same transaction on the journals of the court, the latter and not the former is the true record. But this would be denying effect to the words of the statute, which declare that the recognizance and entry of forfeiture shall be valid in law and deemed of record. In truth, there is but one record — the history of the transactions in the case as they occurred in court. A repetition of a part of that history does not make either statement any less a -part of the record; and if they do not contradict each other, but, by fair construction, may be reconciled and stand together, the mere repetition, while perhaps improper and unnecessary, can not be allowed to destroy the effect of the record.
The views we have expressed dispose of the case; and it ■ is not necessary to notice the other points presented by the counsel for the plaintiffs in error.
The judgment must be affirmed.
Scott, C.J., and Sutliee, Peck, and Briñkerhoee, J J., concurred.